UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Cuyler,                                                     Civil Action No.10-10422

                Plaintiff,                                     District Judge Sean F. Cox

vs.

Flagstar Bank,

                Defendant.
_____/

ORDER OF DISMISSAL WITHOUT PREJUDICE

      Acting *pro se*, Plaintiff filed this action on February 1, 2010. By September 15, 2010, no summons had been returned executed as to Defendant, and this Court ordered Plaintiff to show cause. On September 21, 2010, Plaintiff responded to the order to show cause.

      Plaintiff's response included a returned summons that was not timely and that did not adequately show that Plaintiff properly served Defendant. (Doc. No. 8). Plaintiff's response reveals that Plaintiff did not attempt to serve Defendant until August 23, 2010, which is almost 3 months after the expiration of the summons issued by the Clerk's office.

      Moreover, FED. R. CIV. P. 4(h)(1) provides that a corporation, partnership, or association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) further provides that a corporation can be served in compliance with the service of process rules in the state in which the case is filed, or where service is made. FED. R. CIV. P. 4(e)(1).

      Service of process on a corporation in the state of Michigan can be achieved by:

            (1) serving a summons and a copy of the complaint on an officer or
                the resident agent;

1

>(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
>(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
>(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if:
>
>>(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>>(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>>(c) the corporation's term of existence has expired.

M.C.R. 2.105(D).

In this case, Plaintiff attempted to serve Defendant solely by registered mail. (Doc. No. 8). Plaintiff, however, has not established that Defendant meets any of the requirements of M.C.R. 2.105(D)(4), which would permit Plaintiff to serve Defendant through registered mail. Thus, Plaintiff has not properly served Defendant.

Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to effect timely and proper service of process.

If Plaintiff seeks to re-file his complaint against Defendant at any time hereafter, he must serve Defendant through one of the following methods:

- *Personal* service an officer or resident agent of Defendant, pursuant to M.C.R.

      2.105(D)(1); or

- *Personal* service of a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation, pursuant to M.C.R. 2.105(D)(2); or

- Request that the Court order service of the summons and complaint upon Defendant by a United States Marshal.

**IT IS SO ORDERED**.


Dated: April 11, 2011                       S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge


I hereby certify that on April 11, 2011, the foregoing document was served upon counsel of record by electronic means and upon Anthony Cuyler by First Class Mail at the address below:

Anthony Cuyler
4465 Bishop
Detroit, MI 48224

Dated: April 11, 2011                       S/ Jennifer Hernandez
                                                        Case Manager